IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT

OF IOWA, CENTRAL DIVISION

| | | |
|---|---|---|
| ERIC E. THORNTON, | ) | |
| | ) | DOCKET NO. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT AND DEMAND** |
| | ) | **FOR JURY TRIAL** |
| BNSF RAILWAY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Eric E. Thornton ("Plaintiff"), and for his causes of action against the Defendant BNSF Railway ("BNSF") in this Complaint for damages, states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff resides in Creston, Union County, Iowa, and at all times relevant was an employee of BNSF working in interstate commerce in BNSF's Maintenance of Way Department , including specifically working on BNSF's track and territory in the State of Iowa.

2. BNSF is, and was at all times relevant, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

3. BNSF is a Delaware corporation engaged in interstate commerce by railroad, and in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States. At all times relevant to this Complaint, BNSF has conducted business in the State of Iowa. BNSF's registered agent for service of process is: Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, Iowa, 50309. The injuries in question occurred as a result of work performed on railroad tracks and property in Iowa owned and operated by BNSF.

4. Plaintiff's action against BNSF is based upon and brought under the Federal Employers' Liability Act 45 U.S.C. §§ 51, *et seq.* (the "FELA"). Subject matter jurisdiction is proper under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over BNSF, as Plaintiff was injured on BNSF railroad tracks and property located in Iowa.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial amount of Plaintiff's work which caused his injury occurred on BNSF track near Creston, IA.

## **FACTUAL ALLEGATIONS**

7. Plaintiff re-alleges, adopts, and incorporates herein each and every allegation of the above Complaint, the same as if said allegations and statements were herein set forth in their entirety.

8. On or about October of 1978, Plaintiff began working for BNSF as a track laborer and, at all times relevant hereto, was employed in interstate commerce by BNSF as a track laborer through January 2022.

9. In his role as a track laborer, Plaintiff worked on the tracks across the State of Iowa. These tracks were in a variety of conditions. Plaintiff's job varied depending on the condition of the tracks and the maintenance they required. Common tasks included manually placing new spikes as well as manually removing the large spikes from the railroad tracks using large spike mauls, spike pullers and crowbars to pry the spikes out. Plaintiff was required to operate various devices including but not limited to hydraulic spike removers, hydraulic spike drivers, and a plethora of handheld tools.

10. While working on railways and removing these large, deeply embedded spikes, Plaintiff was often required to be subjected to violent, jerky motions. These spikes were firmly placed through the railroad tie plates into the wooden railroad ties to hold the rail in place. To remove them, Plaintiff often had to use vibrating drills or manual tools, both of which were stressors on the Plaintiff's body

11. Such duties were in the furtherance of interstate commerce and directly and substantially affected such commerce. At all such times, Plaintiff was working at the direction of BNSF, in the furtherance of BNSF's interstate commerce, and was engaged in work which directly, closely and

substantially affected the general interstate commerce carried on by BNSF as a railroad.

12. The track labor that Plaintiff performed caused excessive stress and strain on his body, repeated and repetitive movements that were not ergonomic or natural to the human body, whole body vibration and vibration at excessive rates, causing injuries to his neck, left upper extremity, and right upper extremity over the course of his career through repeated and cumulative traumas.

13. In January of 2022, Plaintiff began to experience neck related and carpal tunnel symptoms, for which Plaintiff sought treatment. His treatment included conservative treatments but ultimately resulted in the need for a cervical laminectomy in April of 2022, a left carpal tunnel release in December 2022, and a right carpal tunnel release in February 2023.

## COUNT I (FELA NEGLIGENCE)

14. Plaintiff re-alleges, adopts, and incorporates herein each and every allegation of the above Complaint, the same as if said allegations and statements were herein set forth in their entirety.

15. At all times relevant to this Complaint, BNSF had a legal duty to provide the Plaintiff with a reasonably safe place to work, reasonably safe working conditions, proper training, safe equipment, and reasonably safe methods of work. *See* 45 U.S.C. §§ 54, *et seq*.

16. As a direct result of BNSF's failure to provide Plaintiff with a reasonably safe place to work, reasonably safe working conditions, proper training, safe equipment and reasonably safe methods of work, Plaintiff suffered severe, permanent, painful, and disabling injuries to various parts of his body, including but not limited to his cervical spine, left upper extremity, and right upper extremity.

17. Plaintiff's injuries occurred over time while he was acting in the course and scope of his employment with BNSF while being exposed to a variety of forces and stresses of the work required and as directed by BNSF.

18. Plaintiff's injuries were directly caused, in whole or in part, by the negligence of BNSF, including in the following respects, to-wit: BNSF negligently failed to furnish and provide Plaintiff with a reasonably safe place to work, reasonably safe working conditions, proper training, safe equipment, and reasonably safe methods of work, in that BNSF negligently:

    a. Failed to provide Plaintiff with a reasonably safe place to work; or,
    b. Failed to provide reasonably safe conditions for work; or,
    c. Failed to provide reasonably safe methods of work; or,
    d. Failed to enact a comprehensive ergonomics program; or,
    e. Failed to provide adequate protection from exposure to cumulative trauma; or,
    f. Failed to provide adequate training on cumulative trauma; or,

g. Failed to provide adequate safety or personal protective equipment; or,

h. Failed to properly research and test equipment provided for safety; or,

i. Failed to warn Plaintiff of or protect Plaintiff from the danger of exposure to cumulative trauma; or,

j. Failed to redesign Plaintiff's job functions or tasks in a more ergonomically sound manner; or,

k. Failed to provide adequate help; or,

l. Failed to provide reasonably safe equipment and tools; or,

m. Failed to properly inspect, maintain, or repair its tools and equipment; or,

n. Failed to follow applicable federal and state statutes, regulations, and rules regarding standards and practices relating to the instruction, training and supervision of its employees; or,

o. Failed to follow applicable BNSF standards, rules, and regulations regarding the standards and practices relating to the instruction, training and supervision of its employees; or,

p. Failed to follow applicable BNSF standards, rules, and regulations by not providing an adequate ergonomics program to Plaintiff; or,

q. Failed to follow applicable BNSF standards, rules, and regulations by not providing reasonably safe equipment and devices to Plaintiff; or,

r. Failed to follow the industry and internal ergonomic standards.

19. BNSF knew or, in the exercise of ordinary care, should have known, that in acting and failing to act as described in the preceding paragraph, it was reasonably likely that BNSF's employees, including Plaintiff, would be injured.

20. BNSF's acts and omissions listed above constitute negligence.

21. As a direct result of the aforesaid negligence of BNSF, Plaintiff sustained, in whole or in part, severe injuries to his body, including his body, including his neck and upper extremities. Defendant is liable for the adverse consequences of medical care reasonably necessary as a result of the original injury negligently caused, in whole or in part, by Defendant.

22. On account of said injuries, Plaintiff has undergone extensive medical care and treatment, and Plaintiff will be required to seek necessary medical treatment in the future. These injuries have caused Plaintiff to incur the expenses of medical care and treatment and will cause Plaintiff to incur further expenses for medical care, treatment, and life care. The strength, use, and function of Plaintiff's body, and general health and strength, have been permanently weakened, diminished, and impaired.

23. As a result of said injuries, Plaintiff has suffered and will continue to suffer severe physical pain and suffering and mental anguish. Because of said injuries, Plaintiff has lost capacity for the enjoyment of life in the past and will suffer loss of capacity for the enjoyment of life in the future.

    Plaintiff has lost the ability to perform household services in the past and will suffer a loss of ability to perform household services in the future.

24. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning in excess of $6,660.00 per month wages and fringe benefits through his work on the railroad. Plaintiff was only 62 years old when he was forced to leave his job at BNSF due to his multiple injuries and could have and would have worked more years with BNSF and earned substantial wages. On account of these injuries, Plaintiff is now disabled and has lost his ability to earn and will in the future lose his earnings and his power to work and labor and his earning capacity have been permanently weakened, diminished, and impaired. Also, a direct result of these injuries, Plaintiff has suffered the loss of his fringe benefits and will in the future lose fringe benefits. Further, as a direct result of these injuries, Plaintiff has been unable to perform his usual and normal household services and will in the future be unable to perform such services. By reason of the facts herein alleged, Plaintiff has suffered damages for which he should be awarded a reasonable sum.

  WHEREFORE, Plaintiff prays for judgment against BNSF for damages that are fair and reasonable, for costs incurred herein, for pre and post-judgment interest as allowed by law, and for any and all other relief to which Plaintiff is entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION**

DATED this 31st day of December, 2024.

        ERIC E. THORNTON, Plaintiff.

By: ATWOOD LAW, P.C., L.L.O.

By: /s/ Corey L. Stull
    Corey L. Stull, AT007639
    Nolan J. Niehus, AT0015049
    575 Fallbrook Blvd., Suite 206
    Lincoln, Nebraska 68521
    Telephone: (402) 476-4400
    Facsimile: (402) 476-4410
    cstull@atwoodlaw.com
    nniehus@atwoodlaw.com
    *Attorneys for Plaintiff*